**SO ORDERED.**

**SIGNED this 22 day of October, 2014.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| BRITT MOTORSPORTS, LLC | 11-07688-8-SWH |
| DEBTOR | |
| JAMES B. ANGELL, CHAPTER 7 TRUSTEE FOR BRITT MOTORSPORTS, LLC, | |
| Plaintiff, | ADVERSARY PROCEEDING NO. |
| v. | 14-00041-8-SWH-AP |
| KAMAL ALI MANSOUR, DONNA MANSOUR NORRIS and DAVID SCOTT BRITT, | |
| Defendants. | |

**ORDER REGARDING REQUEST FOR JURY TRIAL**

The matter before the court in this adversary proceeding is the issue of whether the defendants have a right to a jury trial under the Seventh Amendment of the U.S. Constitution. The defendants both requested a jury trial in their separate answers to the complaint. A preliminary pre-trial conference was held in Raleigh on September 11, 2014, in which the court requested briefs on

the issue of the defendants' entitlement to a jury trial. After consideration of the matter, the court concludes that the defendants do not have a right to a jury trial because they have submitted themselves to the equity jurisdiction of the bankruptcy court.

## Background

On October 7, 2011, the debtor, Britt Motorsports, LLC ("debtor"), filed a voluntary petition for relief under chapter 11. The debtor's case was subsequently converted to one under chapter 7. On February 13, 2014, James B. Angell, chapter 7 trustee for the debtor ("trustee"), instituted this adversary proceeding against the defendants, Kamal Ali Mansour and Donna Mansour Norris ("defendants"),[1] seeking to avoid and recover alleged preferential and fraudulent transfers under 11 U.S.C. §§ 544, 547, 548, 550 and 551, and under the North Carolina Uniform Fraudulent Transfer Act, N.C. Gen. Stat. § 39-23.1.

The defendants filed separate answers in which they both requested a jury trial pursuant to the North Carolina Constitution, the U.S. Constitution, and other state and federal law. The defendants did not assert any counterclaims, but did, however, in their respective Fourth, Eighteenth, Twenty-Third and Twenty-Fourth Defenses, assert a right of "setoff" or "credit" against the value of the challenged transfers. Specifically, both defendants' Fourth Defenses state that "Plaintiff is not entitled to recovery to the extent the subject transfer was not avoidable under the doctrine of setoff under 11 U.S.C. Section 553 and/or the doctrine of recoupment." The defendants' Eighteenth Defenses assert that the trustee/debtor failed to mitigate damages, and pleads such failure as a

---

[1] David Scott Britt was also named as a defendant in this adversary proceeding, but failed to file an answer. On May 8, 2014, the court issued an Order Directing Plaintiff to Proceed After Failure to Answer. For purposes of this opinion, "defendants" refers to Kamal Ali Mansour and Donna Mansour Norris.

defense "and setoff to any damages" determined to be owed. The defendants' Twenty-Third Defenses do not specifically assert grounds for setoff, but appears to establish such a basis. The Twenty-Third Defenses assert that a main source of the debtor's postpetition income has been its sale of motorcycles purchased by defendant Mansour and consigned to the debtor. Last, the defendants' Twenty-Fourth Defenses request a "credit" against any sums determined to be owed for the portion of a loan defendant Mansour made to the debtor that was not repaid. The defendants have not filed proofs of claim in the bankruptcy case.

In response to the court's request at the preliminary pre-trial conference, each party filed a brief on the issue of whether the defendants are entitled to a jury trial. The defendants assert their Seventh Amendment constitutional rights, whereas the trustee asserts that the defendants do not have a right to a jury trial because they claim affirmative defenses that subject them to the equitable jurisdiction of the court.

## Discussion

In Granfinanciera, S.A. v. Nordberg, the U.S. Supreme Court held that, under the Seventh Amendment, a person who has not submitted a claim against the bankruptcy estate has a right to a jury trial when sued by the bankruptcy trustee to recover allegedly fraudulent monetary transfers. 492 U.S. 33, 36 (1989). This right exists notwithstanding the fact that such actions are core proceedings. Id. However, "the Seventh Amendment right to a jury trial is preempted upon the filing of a proof of claim." Comm. of Unsecured Creditors of N.C. Hosp. Ass'n Trust Fund v. Mem'l Mission Med. Ctr. (In re N.C. Hosp. Ass'n Trust Fund, Emp'r ID No.: 56-1154690), 112 B.R. 759, 760 (Bankr. E.D.N.C. 1990). Specifically, by filing a proof of claim, a defendant subjects

itself to the equitable jurisdiction of the bankruptcy court. Crampton v. Houseman (In re Houseman), AP No. 13-00166-8-SWH, 2014 WL 1214497, at *2 (Bankr. E.D.N.C. March 24, 2014).

Additionally, actions other than filing a proof of claim, such as asserting an affirmative defense of setoff, have been found by numerous courts to invoke the court's equitable jurisdiction and thus eliminate any right to a jury trial. See Id. (setoff defense); In re Big Springs Realty LLC, 430 B.R. 629, 634 (Bankr. D. Mont. 2010) (setoff defense); In re Commercial Fin. Servs., Inc., 251 B.R. 397 (Bankr. N.D. Okla. 2000) (setoff defense); In re Hudson, 170 B.R. 868 (Bankr. E.D.N.C. 1994) (filing counterclaim). The court expanded upon the court's equitable jurisdiction in In re Hudson, a case where the defendant filed a counterclaim and waived its right to a jury trial. 170 B.R. 868. Regarding the definition of "claim," the court said, "'Congress gave the 'broadest possible definition' to the term 'claim' in order to ensure that 'all legal obligations of the debtor, . . . [would] be dealt with in the bankruptcy case.'" Id. at 874 (quoting Sigmond v. Royal Cake Co. (In re Cybermech, Inc.), 13 F.3d 818, 821 (4th Cir. 1994)). The court noted that the defendant did not waive its right to a jury trial merely by filing a counterclaim, but by "filing a counterclaim and thereby seeking a piece of the disputed res, the debtors' estate, which was subject to the bankruptcy court's equitable power to allow and disallow claims." Id. at 875.

In Commercial Fin., the defendant listed substantial setoffs as an affirmative defense to the plaintiff's claim. 251 B.R. at 404. The court specifically rejected the defendant's argument that his defense of setoff was not a claim because he was asserting it only to reduce the estate's recovery against him if the plaintiff prevailed. Id. at 404. "By pleading setoff as an affirmative defense, [defendant] is in fact asserting a claim against *the estate's right to recover from [defendant]*, which itself is property of the estate." Id. at 405. "[T]he assertion of setoff, whether as a defense or as a

4

counterclaim, clearly invokes the claims allowance process," because § 553 allows setoff against the estate only if the asserted claim is not disallowed, and it is in the exclusive province of the court to determine allowance. Id. at 406. Furthermore, the court saw no distinction between obtaining something of value from the estate by filing a claim and obtaining something of value by asserting setoff as a defense. Id. at 407. Both instances affect the estate by possibly diminishing it. Id. See also In re Hedstrom Corp., No. 04-38543, 05 C 6888, 2006 WL 1120572, at *3 (N.D. Ill. April 24, 2006) (adopting the reasoning of Commercial Fin.). According to the Hedstrom court, the defense of setoff is just another way of asserting a claim against the estate. 2006 WL 1120572, at *3 (citing In re Mantelman, No. 01 C 9915, 2002 WL 922087, at *1 (N.D. Ill. May 6, 2002)). Likewise, the court in Big Springs Realty found the defendant's setoff defense to be akin to an informal proof of claim that would "directly impact the administration of Debtor's bankruptcy estate." 430 B.R. at 634.

In this matter, the defendants assert that they are entitled to setoff and/or recoupment and entitled to credit. The defendants have essentially asserted a claim against the bankruptcy estate's right to recover from the defendants. The court must determine whether to allow the setoff claim, which invokes the claims allowance process and may ultimately diminish the estate. It certainly impacts the administration of the bankruptcy estate. The court concludes that the defendants are not entitled to a jury trial because of their affirmative defenses of setoff and recoupment, and their claimed entitlement to credits, which operate to subject defendants to the equitable jurisdiction of this court.

**SO ORDERED.**

**END OF DOCUMENT**